The opinion of the Court was delivered by
MuNro, J.
The single point in this case, is that presented in the defendant’s third ground of appeal; namely, whether the circuit judge, instead of submitting to the jury the question, as to what would have been a reasonable time within which the purchase money should have been paid — the contract of purchase in this particular being silent — should himself have decided the question, as one of law.
*422 It must be conceded, that on this branch of the law, the authorities are by no means uniform; but it must at the same time be conceded, that the preponderance of authority is manifestly in favor of the ruling on circuit.
But if we look to the real nature of the question to be passed upon, depending as questions of this sort must necessarily depend, upon extrinsic facts, as also to the impracticability, if not to say utter impossibility of laying down any definite or arbitrary rule as a precedent, for all future cases that may arise, in all the variety of forms into which transactions of this sort may be moulded and fashioned; it is a question, which, we think, is eminently proper to be submitted to a jury.
In Muilman vs. D'Eguino, 2 H. Black, 565, it was held that on a bill payable after sight, a reasonable time is allowed the holder to present it for payment, and what was reasonable time was a question for the jury.
And so, too, in Parker vs. Palmer, 4 Barn. & Ald. 387, it was held that a purchaser of goods by sample, if the sample does not correctly represent the goods, may repudiate the contract within a reasonable time to be decided upon by the j™y-
In Smith vs. Doe, 2 B. & Cres. 290, Abbot, C. J., says, in many cases of a general nature, or prevailing custom, the judges may be able to decide the point themselves; in others which may depend upon particular facts and circumstances, the assistance of a jury may be requisite.
This opinion is in strict conformity with what was said by Lord Mansfield, in the case of Tindall vs. Brown, 1 T. R. 168, where in speaking of what is reasonable notice to the indorser of non-payment by the drawer of a note, he goes on to remark: “ What is reasonable notice, is partly a question of law, and partly a question of fact, &c. But whenever a rule can be laid down with respect to this reasonableness, that should be *423 decided by the Court, and adhered to for the sake of uniformity.”
In Wallace vs. Agry, 4 Mason, 345, Story, Justice, says,— “ What is reasonable time, depends upon the circumstances of each particular case, and no definite rule has as yet been laid down, or indeed can be laid down to govern all cases. The question is a question of fact, for the jury to decide. Such, as I take it, is the doctrine of the authorities.”
To the same effect is our own case of Brock vs. Thompson, 1 Bail, 322; where on a similar point that arose in the case, the ruling of the Court was in conformity with the ruling in the above cases.
The question then having been submitted to the jury, in a form that meets with our entire concurrence, and they having resolved it in favor of the defendant, the verdict must stand, and the motion be dismissed,, which is accordingly ordered.
O’Neall, Whither, and Glover, JJ., concurred.

Motion dismissed.